IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD A. JOHNSON, and C. DALE ALLEN, TRUSTEES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO.: _____ |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant The Prudential Insurance Company of America, incorrectly designated in the Complaint as "Prudential Insurance Company of America, Inc." ("Prudential") by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Tennessee and Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Chancery Court of Davidson County, Tennessee, bearing Docket No. 11-1106 IV, to the United States District Court, Middle District of Tennessee, Nashville Division. In support of this notice of removal, Prudential states as follows:

### I. INTRODUCTION

1. Plaintiffs Richard A. Johnson and C. Dale Allen, Trustees ("Plaintiffs" or "Trustees") commenced this action by filing a complaint against Prudential in the Chancery Court of Davidson County, Tennessee, Case Number 11-1106 IV on or about August 16, 2011 (the "Complaint").

2. Plaintiff was served by certified mail on August 15, 2011, as is reflected in the record of the Chancery Court for Davidson County, Tennessee.

31641 v1

3.      According to the Complaint, Plaintiffs bring the suit in their capacity as co-Trustees under an irrevocable Trust Agreement dated October 17, 1996 for the Gary D. Sasser Irrevocable Trust (the "Trust").

4.      On or about September 14, 2000, Prudential issued a twenty (20) year individual term life insurance policy on the life of Gary D. Sasser (the "Insured"), policy number B4 048 620 (the "Policy"). The amount of life insurance under the Policy was $30,000,000. The rating classification of the Insured was "Preferred" -- the middle of the three rating classes that Prudential offered in 2000. *See* Complaint and Exhibit 1 thereto, a true and correct copy of which is attached hereto as part of **Exhibit A**.

5.      Under the Policy, the owner could elect to convert the Policy to a new life insurance contract anytime before the fifth contract anniversary. Pursuant to the Policy, if the owner elected to convert the Policy, the rating classification under the new contract would automatically convert to the same rating classification as the original Policy. *See generally Id.*

6.      As grounds for the Complaint, Plaintiffs assert that in the fall of 2005 they attempted to convert the Policy to a new contract. On November 22, 2005, Prudential notified Plaintiffs that if a conversion occurred, the Insured's rating classification would convert to a rating class of "Nonsmoker" -- the middle of the three rating classifications that Prudential offered in 2005. *Id.*

7.      On November 29, 2005, Plaintiffs demanded that Prudential convert the Policy to a rating classification of "Preferred Non-Smoker" -- the highest or best of Prudential's rating classifications that it offered in 2005. *Id.* On December 6, 2005, Prudential denied Plaintiffs' request and then Plaintiffs subsequently elected to convert the Policy to the middle classification of "Nonsmoker" by letter dated February 16, 2006. *Id.*

31641 v1                                                          2

Case 3:11-cv-00866   Document 1   Filed 09/13/11   Page 2 of 6 PageID #: 2

8. Plaintiffs assert a breach of contract and a breach of good faith and fair dealing cause of action against Prudential. Plaintiffs specifically assert that "Prudential has failed and refused to honor its contractual obligation to convert the Policy to a new policy having the *same* rating class." (emphasis in original). *See Id.* ¶ 31.

## II. GROUNDS FOR REMOVAL

9. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

10. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

### A. Citizenship of the Parties

11. There is a complete diversity of citizenship between the Plaintiffs and Defendant in this action.

12. Plaintiffs allege that they are resident citizens of the State of Tennessee. *See* Complaint, ¶¶ 1-2.

13. Prudential is a New Jersey corporation, with its principal places of business located in the State of New Jersey. Therefore, diversity exists for purposes of removal.

### B. Amount in Controversy

14. The amount in controversy in the present action exceeds the $75,000 jurisdictional threshold because the Complaint shows on its face that the Plaintiffs seek at a minimum, the difference in the annual premiums of $461,020.00, the rate for Prudential's middle rating classifications in 2005, and $385,282.00, the rate for the highest or best of Prudential's three rating classification in 2005. The difference in the rate classifications is $75,738.00 annually. Plaintiffs presumably seek the difference for each year from February 16, 2006 to the present. Plaintiffs additionally seek prejudgment interest, along with such other and further relief that the Court deems just and proper. *See* Complaint, Exhibit A, ¶ 28 and pg. 7.

15. Accordingly, the jurisdictional amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

### III. ADOPTION AND RESERVATION OF DEFENSES

16. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Tenn. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise any and all defenses under the federal laws of bankruptcy and specifically preserving

the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.,* as applicable.

## IV. PROCEDURAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

18. True and correct copies of "all process, pleadings, and orders" served upon Prudential to date are attached hereto as Exhibit A in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

19. Plaintiffs filed this lawsuit on or about August 15, 2011. Defendant's Notice of Removal is filed within thirty (30) days of service of the Summons. Accordingly, this notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

20. Defendant has heretofore sought no similar relief.

21. The United States District Court for the Middle District of Tennessee, Nashville Division, is the court and division embracing the place where this action is pending in state court.

22. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of same with the clerk of the Chancery Court of Davidson County, Tennessee, and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon Plaintiffs.

23. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court of Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division.

31641 v1

5

Case 3:11-cv-00866   Document 1   Filed 09/13/11   Page 5 of 6 PageID #: 5

Respectfully submitted this 13 day of September, 2011,

                                     /s/ James A. Haltom
                                     Thomas K. Potter, III (TN Bar #024857)
                                     James A. Haltom (TN Bar # 028495)
                                     Burr & Forman LLP
                                     700 Two American Center
                                     3102 West End Avenue
                                     Nashville, Tennessee 37203
                                     Telephone: (615) 724-3200
                                     Facsimile: (615) 724-3290
                                     tpotter@burr.com
                                     jhaltom@burr.com
                                     *Attorneys for The Prudential Insurance Company of America*

## CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail, postage prepaid on September 13, 2011:

Winston S. Evans
Evans, Jones & Reynolds, P.C.
710 SunTrust Plaza
401 Commerce St.
Nashville, TN 37219
*Attorneys for Plaintiffs*

                                     /s/ James A. Haltom
                                     James A. Haltom