IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD A. JOHNSON, and<br>C. DALE ALLEN, TRUSTEES,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA, INC.,<br><br>    Defendant. | Case No. 3:11-cv-866<br><br>Judge Haynes |

## FIRST AMENDED COMPLAINT

1. Plaintiff, Richard A. Johnson, Trustee ["Mr. Johnson"] is a citizen and resident of Davidson County, Tennessee.

2. Plaintiff, C. Dale Allen ["Mr. Allen"], is a citizen and resident of Davidson County, Tennessee.

3. Defendant, the Prudential Insurance Company of America, Inc. ["Prudential"], is a corporation organized and existing under the laws of New Jersey.

4. Prudential conducts substantial business on a continuing basis in Davidson County, Tennessee. It also maintains offices in Davidson County, Tennessee.

5. The events giving rise to this lawsuit occurred in Davidson County, Tennessee.

6. Venue is proper in this Court.

7. Mr. Johnson and Mr. Allen ["the Trustees"] bring this suit in their capacity as co-trustees under an irrevocable Trust Agreement dated October 17, 1996 for the Gary D. Sasser Irrevocable Trust ["The Trust"].

8. The Trustees bring this suit for the benefit of the Trust.

9. On September 14, 2000, Prudential issued a life insurance policy on the life of Gary D. Sasser [Policy #B4 048 620]["the Policy"].

10. A true and correct copy of the Policy is attached as Exhibit 1.

11. The insured under the Policy was, Mr. Gary D. Sasser ["Mr. Sasser"]

12. The Policy was a term life insurance policy.

13. The term of the Policy was 20 years.

14. The face amount of the Policy was $30,000,000.

15. Mr. Johnson, as Trustee under the irrevocable Trust Agreement dated October 17, 1996, or the successor in Trust was the owner and beneficiary of the Policy.

16. The Policy constituted a contract between Prudential, on the one hand, and the Trustees and the Trust, on the other hand.

17. Prior to the time that the Trust purchased the policy, Prudential informed the Trustees through its agents, Steven W. Jackson and/or Roy DePue, that Mr. Sasser qualified for "preferred" rates. The Trustees believed, as the term "preferred" implies, that this was better than other rating classifications which Prudential might have had.

18. Prudential's representation that Mr. Sasser qualified for "preferred" rating was a substantial factor in the Trust's decision to purchase the policy. The Trustees relied on that representation. Absent that representation, The Trustees would have instructed Messrs. Jackson and Depue to search for policies with more favorable terms, premiums, or both.

19. At the time the Trust purchased the policy, there was a substantial likelihood that the policy would be converted.

20. At the time the Trust purchased the policy, the Trustees were aware of the provision which allowed the policy to be converted to another policy of the same rating class. It was their expectation that this allowed the policy to be converted to another policy with the same "preferred" rating.

21. When the Policy was issued, the following rating classifications were available from Prudential:

- Select Preferred
- Preferred
- Standard

22. The Select Preferred and Preferred rating classifications were available only to nonsmokers.

23. Mr. Sasser was and still is a nonsmoker.

24. Mr. Sasser received the Preferred rating classification from Prudential.

25. At pages 10-11, the Policy provided for conversion to another plan of insurance. In pertinent part, the Policy provided as follows:

> Contract
> Specifications   The new contract will be *in the same rating class* as this contract. We will set the issue age and the premiums for the new contract in accordance with our regular rules in use on its contract date.

(Underlining and italics supplied).

26. Thus, Prudential was obligated, upon request from the Trustee, to convert the Policy to a policy *in the same rating class.*

3

27. Because Mr. Sasser had received the *Preferred* rating classification, Prudential was required to convert the policy to one in the same *Preferred* rating class.

28. As owner and beneficiary of the Policy and in accordance with the provisions of the Policy, The Trustees attempted to convert the Policy to a UL Protector Policy having the same *Preferred* rating class.

29. On November 17, 2005, Prudential agreed in writing to extend the conversion period through December 2, 2005.

30. On November 22, 2005, Prudential sent a letter to Mr. Johnson. [Exhibit 2] In pertinent part, the letter stated as follows:

> The purpose of this note is to summarize the process Prudential uses to determine the rating class when a term policy is converted to a new contract under the conversion privilege in the term contract. The rating classification of the new plan will be the same rating classification as the term coverage being converted *if the same rating classification is available*. If the new policy requested does not offer the same rating classification, the new policy will be in the rating class that is *equivalent* to that of the existing term policy.
>
> In 2000, when Term Plus Policy B4048620 was issued, the rating classifications available were Select Preferred, Preferred and Standard, where Select Preferred as the best available classification offered. In the case of Mr. Sasser's policy, he received our Preferred Classification, which was our rating classification for nonsmokers who did not qualify for the Select Preferred Classification. For contractual conversions from a Term Plus contract, the rating classifications today which are equivalent to Select Preferred, Preferred and Standard are Preferred Nonsmoker, Nonsmoker and Smoker, respectively. Our current rating classification for nonsmokers who did not qualify for a Select Preferred rating is Nonsmoker. To be considered for the better rating classification than Nonsmoker (which is the contractually guaranteed rating classification), Mr. Sasser would need to go through appropriate underwriting. . . .

(Underlining and italics supplied).

31. Contrary to Prudential's letter, the Policy did not permit Prudential to issue a converted policy based on an *equivalent* rating class. Rather, the Policy required Prudential to base the converted policy on the *same* rating class. The *same* rating class was Preferred, not the purportedly equivalent rating class of "nonsmoker."

32. On November 29, 2005, the Trustees sent a letter to Prudential demanding Prudential convert the Policy to a new policy with a "Preferred Non-Smoker" rating. [Exhibit 3] In pertinent part, the letter stated as follows:

> . . . I hereby elect to convert this policy to a PruLife UL Protector Life Insurance Policy, insured by Gary Sasser, insurance amount $30,000,000, Type A (Fixed) Death Benefit. Pursuant to the terms of the Term Policy Prudential Financial is required to convert this policy to a new contract "in the same rating class" as the Term Policy. The Term Policy's rating class is "Preferred." Accordingly, we demand a conversion to the current underwriting classification of "Preferred Non-Smoker." By the express terms of the Term Policy, this is the "same rating class." The Term Policy does not authorize conversion to "an equivalent rating class" as permitted by some of your company's contractual policy language contained in later issued policies.

At the conclusion of the letter, the Trustees tendered a check in the amount of $385,282.00 for the first annual premium on the converted policy.

33. On December 6, 2005, Prudential sent a letter to the Trustees [Exhibit 4]. In that letter, Prudential refused to convert the policy to a new policy with a "Preferred Non-Smoker" rating. In pertinent part, the letter stated as follows:

> Since we are unable to issue a PruLife UL Protector policy with rating classification Preferred Nonsmoker without underwriting, we are returning your check and paperwork. The conversion annual premium for a UL Protector with a rating classification of Nonsmoker that corresponds to the $385,282.00 annual premium for the Preferred Nonsmoker and utilizes your term conversion premium credit of $100,872.00 is $461,020.00. If we receive the application with the

5

annual premium payment of $461,020.00 or the Minimum Initial Premium of $53,005.28 by December 20, 2005, we will allow the conversion to a PruLife UL Protector with rating class Nonsmoker, otherwise you will no longer have the ability to convert your term policy.

34. On February 16, 2006, the Trustees sent a letter to Prudential [Exhibit 5]. In pertinent part, the letter stated as follows:

> In accordance with your letter dated November 6, 2005, and our letter dated December 19, 2005, the Trust elects to convert the Term Policy and we are enclosing the Application for Life Insurance or Policy Change to convert the Term Policy. By converting this policy under the terms of your letter dated November 6, 2005, and received by us in early December 2005, we, as Trustees of the Gary D. Sasser Irrevocable Trust, expressly reserve all legal rights available to it as set forth in our letter dated November 29, 2005.

35. Thus, the Trustees converted the Policy to a PruLife UL Protector policy with rating classification of nonsmoker ["the Converted Policy"] in accordance with Prudential's letter of December 6, 2005. However, they expressly reserved their right to have the Policy converted to a PruLife UL Protector with the same rating class as the Policy.

36. Prudential has failed and refused to honor its contractual obligation to convert the Policy to a new policy having the *same* rating class.

37. The premiums which the Trustees must pay for the Converted Policy ( PruLife UL Protector policy with rating classification of nonsmoker ) are much greater than the premiums which they would be required to pay for a policy with the same rating classification as the Policy (Preferred).

38. At the very least, Prudential was obligated to convert the policy to a PruLife UL Protector with a Preferred Nonsmoker rating classification.

6

39. The premiums which the Trustees must pay for the Converted Policy ( PruLife UL Protector policy with rating classification of nonsmoker ) are much greater than the premiums which they would be required to pay for a policy with the Preferred Nonsmoker rating classification.

40. Having agreed to issue a converted policy with the same rating class as the Policy, Prudential was obligated to maintain that same rating class. That rating class was "Preferred."

41. When Prudential eliminated the "Preferred" rating class instead of maintaining it, it breached its contract with the Trustees and the Trust.

42. By eliminating the "Preferred" rating class, Prudential rendered itself unable to perform its contract with the Trustees and the Trust.

43. As stated in this complaint, Prudential has breached the contract which it had with the Trustees and the Trust.

44. Prudential's breach of contract has caused great damage to the Trustees and the Trust.

45. Prudential owed to the Trustees and to the Trust a duty of good faith and fair dealing.

46. As stated in this Complaint, Prudential has breached the obligation of good faith and fair dealing which it owed to the Trustees and to the Trust.

47. Prudential's breach of its obligation of good faith and fair dealing has proximately caused great damage to the Trustees and to the Trust.

48. The Trustees have paid all premiums for the Converted Policy as those premiums have become due. They will continue to do so.

PREMISES CONSIDERED, the Trustees Demand:

1. That they have judgment for the benefit of the Trust against Prudential for compensatory damages and prejudgment interest pursuant to T.C.A. §47-14-123.

2. That the Court reform the Contract between the parties so that the premiums which must be paid for the Converted Policy are reduced to the amount which the Trustees would be required to pay if the rating classification for the Converted Policy had been Preferred, rather than Nonsmoker.

3. In the alternative, that the Court reform the Contract between the parties so that the premiums which must be paid for the Converted Policy are reduced to the amount which the Trustees would be required to pay if the rating classification for the Converted Policy had been Preferred Non-Smoker, rather than Nonsmoker.

4. That all costs, including discretionary costs, be taxed to Prudential.

5. That they have such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Winston S. Evans
Winston S. Evans (#6281)
Evans, Jones & Reynolds, P.C.
710 Suntrust Plaza
401 Commerce St.
Nashville, TN 37219-2405
(615) 259-4685
*Attorney for Plaintiffs, Richard A. Johnson and C. Dale Allen, Trustees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FIRST AMEND COMPLAINT** has been served via **the Court's Electronic Filing System** upon:

Thomas K. Potter, III
James A. Haltom
BURR & FORMAN LLP
700 Two American Center
3102 West End Ave.
Nashville, TN 37203

this ___ day of _____, 2011.

s/ Winston S. Evans

366800.011